IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| WILLIAM C. PUMPHREY, )<br> )<br>   Plaintiff, )<br>v.                                              )<br> )<br>UNITED STATES OF AMERICA, *et al.*, )<br> )<br>   Defendants )  | Civil Action No. 5:15-06509 |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion to Proceed Without Prepayment of Fees or Costs (Document No. 8), filed on November 2, 2015. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

## FACTUAL BACKGROUND

On May 20, 2015, Plaintiff, acting *pro se,* filed his Complaint claiming entitlement to relief pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). (Civil Action No. 5:15-6509, Document No. 1.) In his Complaint, Plaintiff names the following as Defendants: (1) United States of America; (2) Warden Joe Coakley; (3) Lieutenant O. Gibson; (4) Unit Manager Snow; (5) J.D. James; (6) J. Bailey; (7) B. Coleman; (8) T. Toney; (9) F. Riffle; (10) C. Spencer; (11) D. Betjiain; (12) A. Lester; (13) S. Kennan. (Id.) Plaintiff asserts that Defendants are violating his constitutional rights by denying him access to the courts. (Id.) Specifically, Plaintiff contends that Defendants are preventing him from obtaining legal supplies and stamps. (Id.) As relief, Plaintiff requests that the Court instruct Defendants not to "hold [his] legal access hostage." (Id.)

On August 19, 2015, Plaintiff filed an Amended Complaint. (Document No. 7.) In his

Amended Complaint, Plaintiff contends that Defendants are (1) subjecting him to "audio torture," (2) tampering with his food, and (3) interfering with his mail. (Id.) As relief, Plaintiff requests that the Court "send an investigator to enable [Plaintiff] to show him the way things really are here." (Id.)

## STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## ANALYSIS

The allegations stated in Plaintiff's Complaints asserting violations of his constitutional rights are cognizable under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05;

2

See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. A Plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. Article III, Section 2 of the United States Constitution, however, provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. "It has long been settled that a federal court has no authority to 'give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of California v. United States, 506 U.S. 9, 12, 113 S.Ct. 447, 449, 121 L.Ed.2d 313 (1992), quoting Mills v. Green, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895); Incumaa v. Ozmint, 507 F.3d 281, 285 - 286 (4th Cir. 2007). A change in an inmate's circumstances from those which generated the inmate's request for injunctive relief by the inmate's transfer, release or change in custodial status will render his claim for injunctive relief moot unless the circumstances are capable of repetition. Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009)("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991)(Plaintiff's transfer mooted his Section 1983 claims for declaratory and injunctive relief

but not claims for monetary damages.); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987)("Because the prisoner has been transferred, his request for injunctive relief is moot."); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983)(When an inmate seeking injunctive relief is released from custody, the inmate no longer maintains a "sufficient interest in the outcome of the requested relief to present a justiciable case or controversy.").

Having examined Plaintiff's Complaints, the Court has determined that Plaintiff challenges the conditions of his confinement at FCI Beckley. Plaintiff has requested only injunctive relief: (1) The Court instruct Defendants not to "hold [his] legal access hostage;" and (2) The Court "send an investigator to enable [Plaintiff] to show him the way things really are here." (Document Nos. 1 and 7.) Recently, Plaintiff was transferred to FCI Hazelton.[1] Plaintiff's claim for injunctive relief respecting circumstances at FCI Beckley became moot when he was transferred, and it is not evident that those circumstances which he would have enjoined are capable of repetition within this District. Because Plaintiff has not made a request for monetary relief, Plaintiff's Complaint in this matter should be summarily dismissed as moot.[2] See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991)(finding that inmate's transfer or release from confinement does not moot the inmate's claim for monetary damages).

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's

---

[1] The Bureau of Prisons' Inmate Locator indicates that Plaintiff is currently incarcerated at FCI Hazelton, which is located in Bruceton Mills, West Virginia.

[2] In Civil Action No. 5:15-cv-14430, Plaintiff filed a Complaint asserting a violation of his Eighth Amendment rights and requesting monetary relief.

Application to Proceed Without Prepayment of Fees and Costs (Document No. 8), **DISMISS** this civil action as moot, and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, at FCI Hazelton, where he is currently incarcerated.

Date: November 5, 2015.

R. Clarke VanDervort
United States Magistrate Judge